IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THERMAPURE, INC., <br><br> Plaintiff, <br><br> v. <br><br> TEMP-AIR, INC., GIERTSEN COMPANY OF ILLINOIS, INC., SERVPRO INDUSTRIES, INC., MALLORY SUN, L.L.C. a/k/a SERVPRO OF DOWNERS GROVE AND OAK BROOK, DISASTER KLEENUP INTERNATIONAL, INC., DRI-EAZ PRODUCTS, INC., RXHEAT, LLC, CAMBRIDGE ENGINEERING, INC. and JON-DON, INC., <br><br> Defendants. | Case No. 1:10-cv-04724 <br><br> The Honorable Joan H. Lefkow <br> Magistrate Judge the Hon. Nan R. Nolan <br><br> **JURY TRIAL DEMANDED** |

**THERMAPURE'S RESPONSE IN OPPOSITION TO DEFENDANTS CAMBRIDGE ENGINEERING, INC. AND
RXHEAT, LLC'S MOTION TO DISMISS OR SEVER**

The facts which RxHeat LLC ("RxHeat") and Cambridge Engineering, Inc. ("Cambridge") admit within the first two pages of their brief alone are sufficient to show they are properly joined under Rule 20(a)(2). In addition to admitting RxHeat and Cambridge are sister companies sharing common ownership, they acknowledge that they have a business relationship with defendant Jon-Don, Inc. ("Jon-Don"), which has business relationships with the other co-defendants (Dkt. 58 at 2). Further, RxHeat and Cambridge concede that they have a business relationship with Disaster Kleenup International, Inc. ("DKI") members as well. (Kramer Decl. at ¶6; Braun Decl. at ¶6) But there are many more intricate bonds between all of the named defendants regarding the infringement of the Thermapure patents which RxHeat and Cambridge failed to mention. The following diagram gives an overview of some of the relationships between the defendants:



As can be seen, the defendants are bound together through numerous partnerships and business relationships. These relationships affect how the defendants are infringing the Thermapure patents, for example, by combining equipment from multiple defendants. Giertsen's cross claims against Tem-Air for breach of implied warranty against infringement and indemnification further demonstrates the interrelatedness amongst defendants. Some of these relationships are explained further below. There would be no way to sever this suit cleanly because each defendant is related to at least one other defendant.

## I.     JOINDER IS APPROPRIATE UNDER RULE 20(a)(2)

Courts permit joining defendants if: "any right to relief is asserted against them jointly, severally, **or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences**; and **any question of law or fact common to all defendants will arise out of the action**." Fed.R.Civ.P. 20(a)(2)(emphasis

added). Thus, Rule 20(a)(2) as applied to this case dictates that the joinder will be permitted if 1) there is a right in relief in respect to or arising out of the same transaction or occurrence, and 2) that there is any common question of law or fact.

RxHeat and Cambridge fail to address these two prongs and instead rely on inapposite opinions. Judge Conlon's *sua sponte* Order from ADC Tech. v. LG Elecs., Case No. 10C1456, is almost completely devoid of facts other than the statement "The only thread tying these disparate groups of defendants together is that they allegedly infringed the same patents." This is completely the opposite of the case here, where RxHeat and Cambridge admit a business relationship with *at least* two of the defendants.[1]

Further, RxHeat and Cambridge claim that the Spread Spectrum case is "on all fours with the instant case." This is not so. The business relationships RxHeat shares with Jon-Don, DKI and Dri-Eaz present a different set of circumstances from those in Spread Spectrum. In Spread Spectrum, the Judge allowed a customer of Kodak to be severed from Kodak's suit, where that customer had nothing substantive to offer and likely did not even understand how the product worked. Spread Spectrum Screening, LLC v. Eastman Kodak, 2010 WL 3516106, *3 (N.D. Ill. Sept. 1, 2010). Here, these defendants know how the accused kits and methods work. In fact, RxHeat and Jon-Don released a video together where they advertise RxHeat's method of heating an enclosure. In this video, the host states, "RxHeat and Jon-Don have teamed up to create a turn-key trailer system" and refers to the "RxHeat and Jon-Don family" http://rxheat.com/video2.htm. Here, both RxHeat and Jon-Don are offering instruction, so they

---

[1] The other Order which RxHeat and Cambridge point to, Finisar Corp. v. Source Photonics, Inc., Case No. C 10-00032, is again, completely inapposite. That Order simply states that there were eleven patents in that case, hundreds of accused products, and plaintiff's counsel admitted that the accused infringing devices were different, so severance was proper. There are no similarities between this case and Finisar. Here, there are only two patents one of which one is asserted against each defendant. The accused products are very similar and the defendants are related. Hence, any reliance on Finisar is misplaced.

understand how the accused products and methods work. All of the defendants in this case have something substantive to offer.

### A. The Transaction Or Occurrence Prong is Satisfied

The "transaction or occurrence" prong is met under Fed.R.Civ.P. 20(a)(2). "The Seventh Circuit has favored liberal joinder of parties where appropriate." Rolex Watch, USA, Inc. v. Afzal, 1992 U.S. Dist. LEXIS 2504, *3 (N.D. Ill. Mar. 5, 1992) (ruling in favor of joinder where the same private investigator discovered the same individual was allegedly violating both Rolex and Fendi's trademarks). In fact, "[c]ourts have consistently held that 'transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." Sprint Communs. Co., L.P. v. Theglobe.com, Inc., 233 F.R.D. 615, 617 (D. Kan. 2006) (denying motion to sever based on improper joinder of patent infringement defendants); MyMail, Ltd. v. Am. Online, Inc., 223 F.R.D. 455 (E.D. Tex. 2004) (denying motion to sever based on improper joinder of patent infringement defendants stating "[t]ransactions or occurrences satisfy the series of transactions or occurrences requirements of Rule 20(a) if there is some connection or logical relationship between the various transactions or occurrences"). This interpretation of "transaction" should apply and:

> is bolstered by the observation that "language in a number of decisions suggests that the <u>courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense</u> to the parties and to the court." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1653.

Sprint, 233 F.R.D. at 617 (emphasis added). The likelihood of overlapping proof in this case is high.

The "logical relationship" between the parties is what most courts look to in weighing if the "transaction or occurrence" prong of Rule 20(a) is met. *See* Coll v. Abaco Operating LLC, 2009 U.S. Dist. LEXIS 78438, *12 (E.D. Tex. Sept. 1, 2009). *See also* Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974) ("Accordingly, all 'logically related' events entitling a person to institute legal action against another generally are regarded as comprising a transaction or occurrence.").

There will be a logical relationship if there is some nucleus of operative facts or law. Coll, 2009 U.S. Dist. LEXIS 78438 at *12. The main factors courts use to determine if there is some nucleus of operative facts, and thus, a shared transaction or occurrence, in a patent case, include:

- *The relationship the complaining party shares with the other parties*
- *Whether the accused products differ dramatically*
- *Whether the same patent is being asserted against each defendant*

All of these factors support keeping RxHeat and Cambridge in the current lawsuit.

1. **RxHeat and Cambridge Have Relationships With The Other Defendants, And All Defendants Are Related To At Least One Other Defendant**

RxHeat and Cambridge's relationship to the other defendants in the case weighs in favor of joinder. B&R Plastics, 2009 U.S. Dist. LEXIS 107310 at *8 (applying a flexible definition of "transaction" and finding that the alleged infringers, who shared an importer, were logically related). As demonstrated in the graphic in this brief, RxHeat and Cambridge have many links to the other defendants. Defendants all work together in various ways to infringe the patents in suit. For example, since both Dri-Eaz and RxHeat use Jon-Don to sell their products on its website, they are related and this weighs in favor of keeping RxHeat and Cambridge in this suit.

Moreover, as RxHeat and Cambridge pointed out in their brief, they are affiliated. An affiliation between companies accused of infringing the same patents demonstrates a close relationship and weighs in favor of joinder. Mikkelsen Graphic Egr. Inc. v. Zund America Inc., 2009 U.S. Dist. LEXIS 92463, *3 (E.D. Wis. Sept. 23, 2009). Thus, any relationship with either RxHeat or Cambridge and any other defendant further weights in favor of keeping both RxHeat and Cambridge in this suit.

Finally, RxHeat and Cambridge argue that some of the other defendants are competitors, and therefore they should not be joined to this suit. Yet, some courts have held that this factor weights *in favor* of the joinder. *See* Sprint, 2006 U.S. Dist. LEXIS 5294 at *6 (Noting that two of the defendants who were competitors and accused of infringing the same patents "enhances, rather than undermines, the rationale for permissive joinder in this matter.").

**2. The Accused Products and Methods Are Very Similar**

The accused products and methods of each defendant are very similar; thus, no defendant should be severed from this suit. MyMail, Ltd. v. Am. Online, Inc., 223 F.R.D. 455, *9 (E.D. Tex. 2004) ("More significant to the court than whether the parties are related or whether they share marketing and sales efforts is whether the plaintiff alleges any connection or substantial similarity between the machines at issue."). *See also* Mannatech, Inc. v. Country Life, LLC, 2010 U.S. Dist. LEXIS 75353, *5 (N.D. Tex. July 26, 2010). While some of the defendants make the equipment, some sell the equipment, some induce others to practice the methods, and some practice the claimed methods themselves, they are all accused of infringing the Thermapure patents relating to remediating homes and commercial buildings by using heat. Here, the products include but are not limited to heaters, filters and probes which are either sold as a kit or used to practice a claimed method, are all extremely similar. In fact, when analyzing the heating element of the claims, Rx-Heat and Cambridge's heaters are similar to those sold by Dri-Eaz,

Servpro, DKI and Temp-Air. Also at least some of the infringement at issue involves use of combinations of these defendants' products.

### 3. The Same Patent Claim Is Being Asserted Against Each Defendant

Each defendant is accused of infringing claims 4 and 6 of the '812 patent. The same patent and claims being asserted against multiple defendants weighs in favor of joinder. Oasis Indus., Inc. v. G.K.L. Corp., 1995 U.S. Dist. LEXIS 3513 (N.D. Ill. Mar. 20, 1995) (Magistrate Guzman recommending that the Court deny the motion to sever where different individuals were accused of infringing the same patent.). *See also* Adrain v. Genentec Inc., 2009 U.S. Dist. LEXIS, *7 (E.D. Tex. Sept. 22, 2009) (Ruling that defendants' actions arose out of the same transaction or occurrence because they each had a similar license plate recognition system which allegedly infringed the same claims on the same patent). The fact that each defendant is accused of infringing at least the '812 patent weighs in favor of keeping all defendants in this suit.

### B. There Are Common Questions Of Law Or Fact

RxHeat and Cambridge do not contest this prong of Rule 20(a) in their brief, likely because there are numerous common questions of law and fact between RxHeat, Cambridge and the other defendants. Importantly, Rule 20 requires only that "any question of law or fact common to all defendants will arise in the action," not that all questions of law or fact must be common. Fed. R. Civ. P. 20(a) (emphasis added). Of course, there is a very important question of law concerning all of the parties; namely, claim interpretation.

In addition, the same issues of patent validity and enforceability will likely arise as to each defendant. Many of the factual determinations underlying the legal issues will also be common. For example, the patent validity issue of obviousness under 35 U.S.C. §103 involves numerous factual determinations regarding the level of skill in the relevant art, the scope and content of the prior art, application of the prior art to each of plaintiffs' patents and more. This is

the same for each defendant. Monarch Knitting Mach. Corp. v. Sulzer Morat GmbH, 139 F.3d 877, 881-886 (Fed. Cir. 1998). The same factual issues concerning "objective indicia" of nonobviousness must also be decided, including, *inter alia*, commercial success, long felt need, and industry recognition. Graham v. John Deere Co., 383 U.S. 1, 17-18 (1966). The patent validity issue of anticipation under 35 U.S.C. § 102, as well, is a common question of fact for each defendant. Minnesota Mining & Mfg. Co. v. Johnson & Johnson Orthopedics, Inc., 976 F.2d 1559, 1565 (Fed. Cir. 1992). And the existence of the elements of a defense of fraud or inequitable conduct is also a question of fact. Molins PLC v. Textron, Inc., 48 F.3d 1172, 1178 (Fed. Cir. 1995). These are just a few examples of the numerous identical issues that are present. It makes no sense to have multiple actions pending which would likely be consolidated in any event.

## II. JUDICIAL ECONOMY AND EXPEDIENCY ALSO SUPPORT THE JOINDER OF THESE DEFENDANTS

Last, but very importantly, judicial economy would be served by keeping RxHeat and Cambridge in the current suit. Judicial economy is a driving interest in Rule 20(a)(2). Schindler Elevator Corp. v. Otis Elevator Co., 2009 U.S. Dist. LEXIS, *6 (D.N.J. May 14, 2009) ("The term 'transaction or occurrence' is construed generously to promote judicial economy."). *See also* Alkot Indus., Inc. v. Takara Co., Ltd., 1985 U.S. Dist. LEXIS, *10 (N.D. Ill. May 8, 1985) ("Rule 20 has a recognized goal: 'to be read as broadly as possible whenever doing so is likely to promote judicial economy.") (citing Wright and Miller § 1653, at 276).

It simply makes no sense to file a new suit against RxHeat and Cambridge, only to have one of two options occur. First, two cases progressing along the same track – with two Markman decisions, discovery tracks, and potentially two trials. *See* Sprint at *8 (Holding that interpreting the same patents in different suits gives rise to the prospect of inconsistent claim constructions

and wasting scare judicial resources). Second, a new suit which would mostly likely later be joined with the current suit after a motion to consolidate, since Fed.R.Civ.P. 42 allows this Court to consolidate actions having a common question of law or fact, which RxHeat and Cambridge have essentially conceded here.

### III. CONCLUSION

For all of the foregoing reasons, Thermapure respectfully requests that the Court deny Defendants Cambridge Engineering, Inc. and RxHeat, LLC's Motion to Dismiss or Sever.

Respectfully submitted,

/s/ Tahiti Arsulowicz
Paul K. Vickrey
Patrick F. Solon
Frederick C. Laney
Tahiti Arsulowicz
NIRO, HALLER & NIRO
181 W. Madison, Suite 4600
Chicago, IL 60602
(312) 236-0733
Fax: (312) 236-3137
Email: vickrey@nshn.com
Email: solon@nshn.com
Email: laney@nshn.com
Email: Arsulowicz@nshn.com

Attorneys for Plaintiff
Thermapure, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 18, 2010 the foregoing

**THERMAPURE'S RESPONSE IN OPPOSITION TO DEFENDANTS CAMBRIDGE ENGINEERING, INC. AND
RXHEAT, LLC'S MOTION TO DISMISS OR SEVER**

was filed under seal with the Clerk of Court pursuant the Court's CM/ECF procedures. The foregoing was also served upon the following counsel of record via electronic transmission.

Hillary P. Krantz
John Z. Lee
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
(312) 360-6455
Email: hkrantz@freebornpeters.com
Email: jlee@freebornpeters.com

Michael E. Florey (*Pro Hac Vice*)
FISH & RICHARDSON P.C.
60 South Sixth Street, Suite 3200
Minneapolis, MN 55402
(612) 335-5070
Email: florey@fr.com

*Attorneys for Temp-Air, Inc.*


Brandy R. McMillion
PERKINS COIE LLP
131 S. Dearborn, Suite 1700
Chicago, Illinois 60603-5559
(312) 324-8587
Email: bmcmillion@perkinscoie.com

Jerry A. Riedinger (*Pro Hac Vice*)
Tyler C. Peterson (*Pro Hac Vice*)
PERKINS COIE LLP
1201 Third Avenue
Seattle, WA 98101
(206) 359-8664
Email: jriedinger@perkinscoie.com
Email: tylerpeterson@perkinscoie.com

Charles L. Philbrick
Karen L. Blouin
RATHJE & WOODWARD LLC
300 East Roosevelt Road, Suite 300
Wheaton, Illinois 60187
(630) 668-8500
Email: cphilbrick@rathjewoodward.com
Email: kblouin@rathjewoodward.com

*Attorneys for Giertsen Company of Illinois, Inc.*


Jeffrey H. Bunn
Megan M. Mathias
HORWOOD MARCUS & BERK CHARTERED
180 North LaSalle Street
Suite 3700
Chicago, Illinois 60601
(312) 606-3200
Email: jbunn@hmblaw.com
Email: mmathias@hmblaw.com

*Attorneys for Disaster Kleenup International, Inc.*


Mark A. Paskar
Kara E. F. Cenar
Mariangela M. Seale
BRYAN CAVE LLP
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
(312) 602-5000
Email: mapaskar@bryancave.com
Email: kara.cenar@bryancave.com

- 2 -

***Attorneys for Dri-Eaz Products, Inc.***

Thomas I. Ross
Julianne M. Hartzell
Benjamin T. Horton
MARSHALL, GERSTEIN & BORUN LLP
233 S. Wacker Drive, 6300 Willis Tower
Chicago, Illinois 60606
(312) 474-6300
Email: tross@marshallip.com
Email: jhartzell@marshallip.com
Email: bhorton@marshallip.com

***Attorneys for Jon-Don, Inc.***

Email: merili.seal@bryancave.com

Randy J. Soriano (*Pro Hac Vice*)
Matthew L. Cutler (*Pro Hac Vice*)
HARNESS DICKEY & PIERCE, P.L.C.
7700 Bonhomme, Suite 400
St. Louis, MO 63105
(314) 726-7500
Email: rsoriano@hdp.com
Email: mcutler@hdp.com

R. Thomas Avery (*Pro Hac Vice*)
BLITZ, BARDGETT & DEUTSCH, LC
120 South Central Avenue
St. Louis, MO 63105
(314) 863-1500
Email: rtavery@blitzbardgett.com

***Attorneys for RxHeat, LLC and Cambridge Engineering, Inc.***


I certify that all parties in this case are represented by counsel who are CM/ECF participants.


    /s/ Tahiti Arsulowicz
Attorneys for Plaintiff
Thermapure, Inc.
NIRO, HALLER & NIRO