# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4724 | **DATE** | 12/11/2012 |
| **CASE TITLE** | Thermapure, Inc. v. Giertsen Company of Illinois | | |

**DOCKET ENTRY TEXT**

Plaintiff, Thermapure Inc.'s, motion for leave to amend its final infringement contentions [dkt. 303] is denied. Thermapure's supplemental motion to amend its final infringement contentions [dkt. 320] is granted in part and denied in part.

■[ For further details see text below.]  

Notices mailed by Judicial staff.

## STATEMENT

### Background

Presently before the court are two motions filed by plaintiff, Thermapure, Inc. ("Thermapure") seeking leave to amend its final infringement contentions [dkts. 303, 320.] Thermapure alleges that defendant, Giertsen Company of Illinois ("Giertsen"), infringes claims 4, 6, and 8 of U.S. Patent 6,327,812 ("the '812 patent") through its use of special heat-drying equipment (*i.e.*, the Water-Out trailer).

On August 25, 2011, Thermapure served its final infringement contentions. On July 3, 2012, the court issued its claim construction ruling, and on September 4, 2012, fact discovery closed in this case. All of the other defendants in this case have settled, and the only remaining defendant is Giertsen. Thermapure now seeks to amend its final infringement contentions against Giertsen to (1) include a claim of contributory infringement relating to Giertsen's use of the Water-Out trailer to perform water remediation jobs in Wisconsin; (2) update the accused instrumentalities to include "heaters" and "air scrubbers"; and (3) also update the accused instrumentalities to include an additional filter (*i.e.*, "the Return Filter") that infringes via direct infringement and under the doctrine of equivalents. In its final infringement contentions, Thermapure did not identify heaters, air scrubbers, or the Return Filter as "accused instrumentalities;" rather, it identified (1) the Water-Out Trailer Mount Drying Unit; (2) the Ducting compatible with the Water-Out Trailer-Mount Drying Unit; (3) the Water-Out Portable Mold Only HEPA Filter; and (4) the Water-Out Data Loggers.

### Discussion

The Northen District of Illinois adopted local patent rules, which obligate litigants claiming patent infringement to timely identify the bases of their infringement allegations. *See generally* Judge Matthew Kennelly, Edward D. Manzo, *Northern District of Illinois Adopts Local Patent Rules*, 9 J. Marshall Rev. Intell. Prop. L. 202 (2010). Northern District Local Patent Rule 3.4 pertains to the amendment of final infringement contentions and provides that "[a] party may amend its Final Infringement Contentions . . . only by order of the Court upon a showing of good cause and absence of unfair prejudice to opposing parties,

| STATEMENT |
|---|

made promptly upon discovery of the basis for the amendment." N.D. Ill. L.P.R. 3.4. In determining whether amendments of final infringement contentions are appropriate, the two factors that govern are whether (1) the party seeking the amendment acted with diligence and (2) the accused infringer would suffer prejudice. *See Id.*; *Fujitsu Ltd.* v. *Tellabs Operations, Inc.*, Nos. 08 C 3379, 09 C 4530, 2012 WL 5444979, at *4 (N.D. Ill. March 21, 2012). Federal Circuit precedent governs the interpretation and validity of local patent rules regarding amendments of final infringement contentions. *Fujitsu*, 2012 WL 5444979, at *4 (citing *O2 Micro Int'l Ltd.* v. *Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006) (construing the "good cause" requirement in the Northen District of California's Local Patent Rules[1] for amending final infringement contentions as requiring "a showing of diligence.")). The party seeking to amend its final infringement contentions has the burden of establishing that it acted diligently and that the accused infringer will suffer no unfair prejudice. *See O2 Micro*, 467 F.3d at 1366–67; *Fujitsu*, 2012 WL 5444979, at *7. Determining whether a party has satisfied the good cause requirement is within the discretion of the court. *See MEMC Elec. Materials, Inc.* v. *Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1380 n.5 (Fed. Cir. 2005).

### I. Contributory Infringement for Giertsen's Use of the Water-Out Trailer in Other States

Thermapure seeks to add a claim of contributory infringement based on Giertsen's affiliates' use of the Water-Out Trailer in Wisconsin and possibly other states. Thermapure argues that, on November 2012, it first learned that Giertsen used the Water-Out Trailer to perform water remediation jobs outside the state after Magistrate Judge Rowland ordered Giertsen to produce this information. Giertsen counters that Thermapure did not act with the requisite diligence in procuring this information and cannot now seek to amend its infringement contentions. Giertsen notes that Thermapure never requested information regarding its affiliates' use of the Water-Out Trailer until after fact discovery had closed.

Initially, Thermapure alleged that Giertsen infringed the '812 patent through use of equipment manufactured by a former defendant (Temp-Air). Thermapure also filed suit against Temp-Air. On December 22, 2010, the court transferred the Temp-Air case to the United States District Court for the District of Minnesota. While the Thermapure litigation against Temp-Air was pending in the District of Minnesota, the court stayed Thermapure's claims against Giertsen. On January 21, 2011, Thermapure sought to lift the stay arguing that Giertsen also infringed the '812 patent through its use of the Water-Out Trailer. In March 2011 (before the stay had been lifted), Thermapure served subpoenas on Giertsen and several of its affiliates, including Giertsen of Minnesota, Inc. and Giertsen of Wisconsin, Inc. On April 6, 2011, the court lifted the stay of Thermapure's claims against Giertsen.

Thermapure argues that it acted with the requisite diligence despite not specifically seeking this information relating to Giertsen's affiliates use of the Water-Out Product until after fact discovery. Thermapure notes that it could not have learned of this information earlier because it was not until November 2012 that it obtained documents revealing that Giertsen loaned the Water-Out Trailer to its affiliate in Wisconsin. It further argues that it earlier requested information about Giertsen's products "which use heat" (Thermapure Reply 3), and that the subpoenas issued to Giertsen and its affiliates in 2011 concerned the Temp-Air litigation (not the Water-Out trailer). Still "[c]iting recent discovery does not make these theories new." *Fujitsu*, 2012 WL 5444979, at *9. The relevant inquiry is not when Thermapure learned about the information, but when it could have made the discovery. *See Google, Inc.* v. *Netlist, Inc.*, Nos. 08 C 4144, 09 C 5718, 2010 WL 1838693, at *2 (N.D. Cal. May 5, 2010).

Thermapure could have subpoenaed Giertsen's affiliates before fact discovery closed (as it had done

| STATEMENT |
|---|

in 2011) requesting this type of information, but it never did so. Thermapure failed to act with the required diligence to show good cause under Local Patent Rule 3.4 that would allow amendment. *Fujitsu*, 2012 WL 5444979, at *9 (denying motion for leave to amend final infringement contentions as the movant was not diligent in seeking the amendment); *Trans Video Elec., Ltd.* v. *Sony Elec., Inc.*, 278 F.R.D. 505, 508–09 (N.D. Cal. 2011) (denying motion for leave to amend final infringement contentions ruling that the movant lacked the requisite diligence). Because Thermapure failed to satisfy the first prong of Local Patent Rule 3.4's test, the court need not delve into whether Giertsen would suffer prejudice. *See O2 Micro*, 467 F.3d at 1368–69 ("Having concluded that the district court could properly conclude that [the patent holder] did not act diligently in moving to amend its infringement contentions, we see no need to consider the question of prejudice to [the accused infringer]."). The court denies Thermapure's request to amend its final infringement contentions to assert contributory infringement based on Giertsen's affiliates' use of the Water-Out Trailer.

### II. Including Heaters and Air Scrubbers As Accused Instrumentalities

Thermapure notes that it is possible for Giertsen to infringe the '812 patent through other heating mechanisms apart from the Water-Out trailer and seeks to amend its final infringement contentions to include Giertsen heaters (Torpedo heaters and Dura heat heaters) and air scrubbers (Niko Air Scrubbers, PAS 500, 600, and 1000 Air Scrubbers, Force Air 600 and 2000 Air Scrubbers, and Phoenix Air Scrubbers) as accused instrumentalities. Throughout the course of the litigation, Thermapure has argued that Giertsen never disclosed that it used portable heaters despite Thermapure's discovery requests seeking this information. Because Thermapure only learned that Giertsen used heaters recently and after fact discovery closed, it argues that amendment of its final infringement contentions would be proper to include these instrumentalities. Giertsen argues that it never misled Thermapure about the use of these heaters and that it had, in fact, disclosed the use of air scrubbers.

On October 22, 2010, Thermapure propounded discovery on Giertsen seeking, *inter alia*, products that Giertsen "used for each and every heat treatment it performed." (Thermapure Reply 4.) Giertsen responded that it used Temp Air heaters and the Water-Out trailer, but did not identify any additional heaters. On September 23, 2011, Thermapure deposed Richard Giertsen who testified that, besides bed bug remediation and the Water-Out trailer, Giertsen did not use any other services that raised temperatures in closed structures. On October 18, 2012, Giertsen Production Manager Dan Saenz testified that he did not know of other heaters Giertsen used besides the Water-Out trailer. After reviewing an October 23, 2012 document production made by Giertsen, Thermapure discovered that Giertsen had five heaters in addition to the Water-Out trailer. Thermapure also determined that the Institute of Inspection, Cleaning and Restoration Certification guidelines require using filtration (*i.e.*, air scrubbers) on restoration jobs with portable heaters. (Thermapure Mot. 4.)

Giertsen contends that Thermapure failed to adequately inquire into its use of heaters during depositions, and if it had done so, it would have learned this information. Still, in discovery requests and in Giertsen's deposition, Thermapure inquired into these topics; however, it did not receive a forthright response regarding Giertsen's use of these heaters. After learning about Giertsen's heater use in November 2012, Thermapure timely filed a motion seeking leave to amend its final infringement contentions with this new information. The court concludes that Thermapure acted with the requisite diligence to satisfy Local Patent Rule 3.4's good cause requirement. *See O2 Micro*, 467 F.3d at 1363 (the "good cause" requirement in the Northern District of California requires "showing [that] the party seeking leave to amend acted with diligence in promptly moving to amend when new evidence is revealed in discovery."); *Coopervision, Inc.* v.

*Ciba Vision Corp.*, 480 F. Supp. 2d 884, 889 (E.D. Tex. 2007) ("A party that fails to disclose information in a timely manner has little room to complain that the opposing party is tardy. This factor weighs in favor of allowing [the movant] to amend its Infringement Contentions.").

Giertsen argues that it would suffer prejudice if the court allowed the amendment. It notes that claim construction has already taken place and that it has solidified its position in reliance on the court's claim construction ruling. It also argues that if discovery were reopened, it would incur further time and expense in responding. Giertsen, however, fails to specifically articulate how it would be prejudiced if the court allows this amendment. Because Thermapure was diligent in amending its final infringement contentions after learning about these heaters, and considering the minimal resulting prejudice to Giertsen, the court will allow Thermapure to amend its infringement contentions to add the heaters and air filters as accused instrumentalities.

### III.     Including the Return Filter As An Accused Instrumentality

Thermapure last seeks to amend its infringement contentions to include the Return Filter as an accused instrumentality, the use of which Thermapure alleges is infringing under theories of direct infringement and the doctrine of equivalents. Thermapure argues that it did not learn that Giertsen used the Return Filter until the October 19, 2012 deposition of Giertsen employee Justin Graff who testified that Giertsen used this filter. Giertsen argues that Thermapure knew about the Return Filter but failed to timely update its final infringement contentions to include it as an accused instrumentality.

Thermapure acknowledges that it suspected Giertsen's use of the product as early as November 2011 when it conducted an inspection of the Water-Out equipment and noticed the Return Filter for the first time. In its reply, Thermapure admits that it "opted to wait for further testimony on whether the Return Filter was in fact used before adding it to its Final Infringement Contentions." (Thermapure Reply 6.) Thermapure initially noticed depositions for Giertsen employees (including Graff) in November 2011; however, Thermapure cancelled the depositions and agreed with Giertsen to postpone them until after the court's claim construction ruling.

The record is clear that Thermapure knew about the Return Filter in November 2011, having seen it, and acknowledged its suspicions regarding Giertsen's use of the product. Nevertheless, Thermapure waited eleven months to amend its final infringement contentions to shore up its theory of infringement. This tactic runs afoul of the diligence that Local Patent Rule 3.4 places on parties. *See Fujitsu*, 2012 WL 5444979, at *9 ("[T]heories of infringement do not need to be confirmed before infringement contentions may be amended."); *see also O2 Micro*, 467 F.3d at 1366 ("If the parties were not required to amend their contentions promptly after discovering new information, the contentions requirement would be virtually meaningless as a mechanism for shaping the conduct of discovery and trial preparation."). Thermapure's motion to amend its final infringement contentions to include the Return Filter is therefore denied.

1. In *Fujitsu*, Judge Holderman ruled that while the Federal Circuit's opinion in *O2 Micro* construed a local patent rule from the Northern District of California, "the principles elucidated by the Federal Circuit in that case are broadly applicable, including its holding that 'good cause' to amend final infringement contentions requires a showing of diligence by the party seeking leave to amend." *Fujitsu*, 2012 WL 5444979 at *4 (citations omitted).