# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

THERMAPURE, INC.,

       Plaintiff,

       v.

GIERTSEN COMPANY OF
ILLINOIS, INC.,

       Defendant.

No. 10 C 4724

Magistrate Judge Mary M. Rowland

## MEMORANDUM OPINION AND ORDER

Thermapure, Inc. alleges that Giertsen Company of Illinois, Inc. infringes claims 4, 6, and 8 of U.S. Patent 6,327,812 ("the '812 patent") through its use of special heat-drying equipment (i.e., the Water Out trailer).[1] On August 25, 2011, Thermapure served its final infringement contentions. On July 3, 2012, the District Judge issued its claim construction ruling. On December 11, 2012, the District Judge granted Thermapure's supplemental motion to amend its final infringement contentions in part, allowing Thermapure to add heaters and air scrubbers as accused instrumentalities. (Dkt. 338 at 1, 2–3).

Now before the Court is Thermapure's Motion to Compel Adequate Responses to its First Set of Requests for Admissions. Thermapure contends that Giertsen's responses to its Requests for Admissions are inadequate and Giertsen should be com-

---

[1] All other defendants in this case have settled, and Giertsen is the sole remaining defendant.

pelled to provide supplemental responses without objections. For the reasons stated below, the Motion is granted in part and denied in part.[2]

## I. DISCUSSION

Discovery is a mechanism to avoid surprise, disclose the nature of the controversy, narrow the contested issues, and provide the parties a means by which to prepare for trial. 8 Wright & Miller, *Federal Practice and Procedure* § 2001, at 22–23 (3d ed. 2010). The Federal Rules of Civil Procedure allow parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Requests for admissions serve two vital purposes. "Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be." Fed. R. Civ. P. 36, advisory committee notes (1970). A proper request for admission is "simple, direct, and concise so [it] may be admitted or denied with little or no explanation or qualification." *Sommerfield v. City of Chicago,* 251 F.R.D. 353, 355 (N.D. Ill. 2008). If a matter is not admitted,

> the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly re-

---

[2] The Motion also requested that Giertsen be compelled to provide deposition dates. After the instant Motion was briefed, the Court granted the parties' Joint Motion for Extension of All Deadlines. (Dkt. 289, 290). The parties agree that the request to compel deposition dates is now moot. (Dkt. 289 at 2).

> spond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4). Also, Rule 36 limits the ability of a party to raise an objection to a request for an admission. "The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial." Fed. R. Civ. P. 36(a)(5). Moreover, Rule 36 provides:

> The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.

Fed. R. Civ. P. 36(a)(6).

A party may move to compel discovery where another party fails to respond to a discovery request or where the response is evasive or incomplete. Fed. R. Civ. P. 37(a)(3)–(4). "In ruling on motions to compel discovery, courts have consistently adopted a liberal interpretation of the discovery rules." *Kodish v. Oakbrook Terrace Fire Prot. Dist.,* 235 F.R.D. 447, 450 (N.D. Ill. 2006) (citation omitted); *see Cannon v. Burge,* No. 05 C 2192, 2010 WL 3714991, at *1 (N.D. Ill. Sept.14, 2010) ("The federal discovery rules are liberal in order to assist in trial preparation and settlement."). "Courts commonly look unfavorably upon significant restrictions placed upon the discovery process" and the "burden rests upon the objecting party to show why a particular discovery request is improper." *Kodish,* 235 F.R.D. at 450; *accord Can-*

*non,* 2010 WL 3714991, at *1. As with all discovery matters, the Court has broad discretion whether to compel discovery. *See Patterson v. Avery Dennison Corp.,* 281 F.3d 676, 679 (7th Cir. 2002); *Kodish,* 235 F.R.D. at 450.

## A. Objections

On August 3, 2012, Giertsen responded to Thermapure's First Set of Requests for Admission. (Dkt. 280-3). With regard to Requests 3, 9, 12, 17, 18, 23, 25, and 26, Giertsen objected without otherwise admitting or denying. As to the other Requests, Giertsen objected followed by an admission or denial. The Court first addresses Giertsen's general objections and then discusses the individual Requests.

### 1. *Requests to Which Giertsen Both Objected and Responded*

For a number of Requests, Nos. 1, 2, 4–8, 10, 11, 13–15, 19–22, 24, and 27, Giertsen made its responses subject to multiple objections. Thermapure argues that "[t]his is improper under the law, and precludes the achievement of any clarity or narrowing [the issues]." (Mot. 8). Giertsen contends that such practice is proper and common. (Resp. 2).

The Court has not identified any cases where a party was precluded from answering a request to admit without waiving its objections. Instead, courts generally accept such a practice as proper and common. *See, e.g., Hill v. Lapin,* No. 10 CV 1743, 2012 WL 2049570, at *2 (M.D. Penn. June 6, 2012) (allowing party to admit what it could, deny what was beyond its capacity to admit, and object to those portions of the requests that were improper); *Fosselman v. Caropreso,* No. C 09-0055, 2011 WL 999549, at *2–3 (N.D. Cal. March 18, 2011) (allowing party to admit with-

out waiving objections); *Wise v. Cavalry Portfolio Servs., LLC*, No. 09 CV 0086, 2010 WL 3724249, at *3 (D. Conn. Sept. 15, 2010) (same); *Hunt v. McNeil Consumer Healthcare*, No. 11-0457, 2012 WL 4049865, at *3–4, *9 (E.D. La. Oct. 18, 2012) (same); *McCarthy v. Ameritech Pub., Inc.*, No. 10 CV 0319, 2012 WL 2601907, at *5– 6 (S.D. Ohio July 5, 2012) (same). Plaintiffs cite *Mann v. Island Resorts Dev., Inc.*, No. 08 CV 0297, 2009 WL 6409113 (N.D. Fla. Feb. 27, 2009), for the proposition that "a responding party is given only two choices: to answer or to object." *Id.* at *3. But *Mann* addressed objections to Rule 33 *interrogatories* and failed to account for the 1993 amendment to Rule 33, which expressly allowed both objections and an- swers. "Where previously the Rule said that if an objection was asserted it would be *in lieu of answer,* the 1993 amendment provided that the responding party must answer to the extent the interrogatory is not objectionable, despite the objection." *Schipper v. BNSF Ry.*, 07 CV 2249, 2008 WL 2358748, at *1 (D. Kan. June 6, 2008).

The Court finds that Giertsen's objections to these Requests are not waived merely because Giertsen has answered them subject to its objections.

### 2. Water Out Trailer

Giertsen objects to numerous requests because Thermapure does not define the phrase "Water Out trailer" and calls for Giertsen to engage in speculation regarding the trailer. (Resp. 3–4). Giertsen also objects because Thermapure fails to specify the purpose for which the Water Out trailer is being used. (*Id.* 5). Giertsen further objects because Thermapure fails to state who used the Water Out trailer.

These objections border on the frivolous. Giertsen knows full well to what the "Water Out trailer" refers. (*See*, *e.g.*, Dkt. 301-2) (during his September 23, 2011 deposition, Richard I. Giertsen Jr., president of Giertsen, testified extensively about Giertsen's use of the Water Out trailer); (Dkt. 280-2) (Request for Admissions defines the Water Out trailer pursuant to documents produced by *Giertsen*). The purpose for which the Water Out trailer is being used is irrelevant to the Requests; they can be admitted or denied without specifying the trailer's purpose. Clearly, the Requests are directed at Giertsen and are asking about Giertsen's use of the Water Out trailer.

These objections are OVERRULED.

### 3. Use of the Terms "Monitored," "Disposed," "Coupled," "Temperature Indicating Probes," "Heater," "Gas Source," and "Source of Air"

Giertsen objects to these terms as vague, confusing, unidentified, and undefined.[3] These are ordinary words that do not require definition. Moreover, these are claim terms that Giertsen either did not raise during *Markman* or which were construed by the District Court. (*See* Dkt. 266 (District Court's Rulings on Claim Construction)).

These objections are OVERRULED.

---

[3] Request No. 18 uses the term "couple," but clearly this is a typographical error. The only possible term in this context is "coupled," as used in Request No. 17. (*Compare* Request No. 17 *with* No. 18).

#### 4. *Vague and Confusing*

Giertsen objects to Request Nos. 12, 25, and 26 because they are vague or confusing. But Giertsen provides no explanation for how they are vague or confusing. Thus, these objections are OVERRULED. *See Jones v. Forrest City Grocery Inc.*, No. 06 CV 0944, 2007 WL 841676, at *2 (E.D. Ark. March 16, 2007) ("Defendants made an improper objection because they did not explain how the request is vague and burdensome.").

### B. Requests for Admission

#### 1. *Request Nos. 3, 9, 12, and 23*

These Requests are all related to the use of "temperature indicating probes" in the Water Out trailer. In addition to the objections overruled above, Giertsen objects to these Requests because they merely recite the claim elements of the '812 patent without specifying what constitutes the products/equipment expressly referenced in the claims elements. Thus, Giertsen contends that these Requests call for a legal conclusion. Thermapure, on the other hand, argues that "[t]he application of a defendant's activities to the individual elements of a claim is a question of fact." (Reply 2).

While claim construction is a question of law, the determination of "whether the accused product or process contains each limitation of the properly construed claims" is a question of fact. *Freedman Seating Co. v. Am. Seating Co.*, 420 F.3d 1350, 1357 (Fed. Cir. 2005). Here, the District Judge has construed "temperature indicating probes" as a "device to accurately determine the temperature at a partic-

ular location within a structure." (Dkt. 266 at 4). Request Nos. 3, 9, 12, and 23 seek information on whether Giertsen has (1) used the Water Out trailer with a plurality of temperature indicating probes, (2) used the Water Out trailer on a job to dispose a plurality of temperature indicating probes within a structure, (3) monitored the temperature detected from temperature indicating probes while the Water Out trailer was used on a job, and (4) used the Water Out trailer with temperature indicating probes that have been installed at predetermined locations within a structure. The Court finds that these Requests are proper. They were propounded post-*Markham*. They do not call for an interpretation of claim language. Instead, they seek information whether Giertsen's activities apply to individual elements of the claim at issue. The legal conclusion objections are OVERRULED.

Giertsen also objects to Request No. 9 because it fails to specify which "job" Giertsen allegedly disposed a plurality of temperature indicating probes within the structure. But the Request merely asks Giertsen to admit that "on at least one job on which the Water Out trailer was used, Giertsen has disposed a plurality of temperature indicating probes within the structure." Thus, the identity of a specific job is not relevant to the Request. Giertsen can admit or deny the Request without specifying a particular job. The objection is OVERRULED.

Giertsen also objects to Request No. 12 because "it fails to specify when the monitoring took place in relation to the operation of the Water Out trailer." But the Request merely asks Giertsen to admit that "on at least [one] job on which the Water Out trailer was used, Giertsen monitored the temperature detected from tempera-

ture indicating probes." The temporal scope of the monitoring is not relevant to the Request. Giertsen can admit or deny the Request without specifying when the monitoring took place. Giertsen contends that the "monitoring" must occur "in real time" to be relevant to the case. (Resp. 5). But the District Judge has not given the term "monitoring" any special construction. (*See* Dkt. 266). Whether the monitoring must occur in real time is an issue for trial. The objection is OVERRULED.

Giertsen shall respond to Request Nos. 3, 9, 12, and 23 without objections.

### 2. *Request Nos. 17 and 18*

Request Nos. 17 and 18 seek information on whether the Water Out trailer has a heater coupled to a gas source or a source of air. In addition to the objections overruled above, Giertsen objects to these Requests because they call for speculation and a legal conclusion. The Court is not persuaded. As discussed above, Request Nos. 17 and 18 do not call for an interpretation of claim language. Instead, they merely seek purely factual information whether Giertsen's Water Out trailer has a heater coupled to a gas source or a source of air. Moreover, there is nothing speculative about these Requests. The objections are OVERRULED.

Giertsen shall respond to Request Nos. 17 and 18 without objections.

### 3. *Request Nos. 25 and 26*

Request Nos. 25 and 26 seek information on whether the Water Out trailer is capable of heating a gas or a structure to a temperature sufficient to kill organisms. In addition to the objections overruled above, Giertsen objects to these Requests because (1) Giertsen has never used the Water Out trailer for the purpose of killing

organisms, (2) the minimum temperature at which an organism is killed varies depending upon the targeted organism and Thermapure has not identified what temperature is sufficient to kill the unidentified organisms, (3) they seek irrelevant information, and (4) they call for speculation and a legal conclusion.

The Court finds that Request Nos. 25 and 26 seek factual, relevant information. Asserted claim 4 refers to a "kit for use in killing organisms," and claim 8 states that "heated gas serves to kill organisms." Thus, whether the Water Out trailer is capable of heating a gas or a structure to a temperature sufficient to kill organisms is relevant. Moreover, the Requests are not seeking an interpretation of claim language; they merely seek factual information on the Water Out trailer's capabilities. These objections are OVERRULED.

Nevertheless, the Court finds that Request Nos. 25 and 26 are speculative. Because Giertsen asserts that it has never used the Water Out trailers to kill organisms and does not know what minimum temperature is needed to kill a hypothetical, unidentified organism, Giertsen does not know whether the Water Out trailer is *capable* of heating a gas or a structure to a temperature sufficient to kill an *organism*, identified or not. These objections are SUSTAINED.[4]

---

[4] While it may have been more appropriate for Giertsen to have responded to Request Nos. 25 and 26 by asserting lack of knowledge or information as reason for failing to admit or deny instead of merely objecting, *see* Fed. R. Civ. P. 36(a)(4), the Court finds it unnecessary for Giertsen to revise its responses to these Requests.

## II. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Compel [271] is GRANTED IN

PART and DENIED IN PART. Within 21 days of the date of this Order, Defendant

Giertsen shall respond to Request Nos. 3, 9, 12, 17, 18, and 23 without objections.

E N T E R:

Dated: March 25, 2013

_____
MARY M. ROWLAND
United States Magistrate Judge